IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH ARTHUR STETSON,

    Plaintiff,

v.

HILLSBORO MUNICIPAL COURT and
WASHINGTON CO.,

    Defendants.

Case No. 3:18-cv-01666-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

///

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that between February 2016 and July 2018, he: (1) was denied medication while housed at the Oregon State Penitentiary; and (2) became ill from the food and water at the Coffee Creek Correctional Facility and Snake River Correctional Institution. Plaintiff's Complaint does not identify contain a prayer for relief.

## STANDARDS

Dismissal is appropriate if Plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the Complaint and its Exhibits. *Id* at 1484. Allegations of fact in the Complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the court also must draw all

2 - ORDER TO DISMISS

reasonable inferences in favor of the Plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to state a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

**DISCUSSION**

A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation).

In this case, Plaintiff names two Defendants, the Hillsboro Municipal Court and Washington County. However, these two Defendants have nothing to do with the incidents that allegedly

3 - ORDER TO DISMISS

occurred within the three Oregon state prisons Plaintiff identifies in his Complaint. In addition, Plaintiff makes no claims giving rise to municipal liability. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

Not only does Plaintiff fail to state a claim against either named Defendant, but he also fails to: (1) name as a defendant any state actor who was personally responsible for the deprivations he describes; and (2) identify how the conduct at issue violates federal law. For all of these reasons, the Complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted. Any amended complaint must: (1) cure the deficiencies with the original Complaint; (2) name all defendants in its caption; (3) describe how each named defendant personally participated in the deprivation of a federal right; (4) not incorporate any prior document by reference; and (5) be on the form provided by the court.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#1) is DISMISSED for failure to state a claim. Should Plaintiff wish to continue with this case, he must file an

4 - ORDER TO DISMISS

amended complaint that complies with the terms of this Order. Plaintiff is advised that failure to file an amended complaint within 30 days shall result in the dismissal of this proceeding, with prejudice.

The Clerk of Court is directed to send Plaintiff a prisoner civil rights complaint form.

IT IS SO ORDERED.

DATED this 4Th day of October, 2018.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge